### BAXTER v. CORRIGAN et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

BILL OF PARTICULARS.
 A bill of particulars to show dates of loans mentioned in the complaint is not necessary to enable defendants to plead the statute of limitations to all claims on which plaintiff seeks recovery.

Appeal from special term, Kings county.

Action by John F. Baxter against Michael A. Corrigan and another. From an order denying motion for further bill of particulars, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. C. M. Ingraham, for appellants.
Frederick P. Bellamy, for respondent.

GOODRICH, P. J. The complaint alleges that the plaintiff, a Roman Catholic priest, was employed by Bishop Loughlin, in September, 1885, to take charge of the Roman Catholic church at Babylon, Long Island, at an annual salary of $1,000, in addition to certain perquisites, the compensation to be a charge upon the collections or income of the church; that the plaintiff was to manage all the financial and business interests of said church, collecting funds for its support and his salary, so far as he could; that the bishop agreed to pay the plaintiff any deficiency which might arise between the collections and his salary; that the plaintiff entered upon his duties, and faithfully discharged them from September 1, 1885, to November 5, 1892; that during his incumbency he collected $25,000; that at the request of the bishop, and upon his express promise to repay the plaintiff therefor, he loaned him the whole of his salary except $1,100, and applied the same, with the balance of the $25,000, to the maintenance and improvement of the church and the church property; and that the amount of salary, exclusive of perquisites, was $7,166.66, which he loaned to the bishop, and which the latter promised to pay, but of which he failed to pay $6,066.66. There are suitable allegations connecting the defendants with the demand. In February, 1899, a bill of particulars was served upon the defendants' attorney on his demand, but, this not being deemed sufficient, the defendants made a motion for a further bill, which was denied, and from the order the defendants appeal.

An examination of the bill of particulars and the plaintiff's affidavits on the motion discloses the fact that the bill purports to be a full and itemized statement of all the collections and pew rents received by the plaintiff, and all payments made by him, from September 1, 1885, to December 31, 1892, covering the period of the plaintiff's incumbency. The main contention of the defendants seems to be that they desire to know when the loans mentioned in the complaint were made, in order to determine whether any or all of them are barred by the statute of limitations. In answer to this claim it is sufficient to say that such information is not necessary to enable the defendants to plead the statute as to all of the claims upon which the plaintiff seeks to recover, assuming that the transaction was in fact a loan of money at specified times. The items already given show the amount and time when collections were made, and this, we think, fairly apprises the defendants of the claim they are required to meet. As the plaintiff was to depend for his salary primarily upon the voluntary contributions, it became necessary for him to show what he had collected, and what he had properly expended for the church work, and this is shown by the bill of particulars. If all the items therein are proved to be correct, and proof is made that no other amounts have been received by the plaintiff, there will be no

difficulty in arriving mathematically at the amount which remains unpaid according to his allegations. We think, therefore, that the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.